### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN KASSEL<br>2173 Doe Cir.<br>Schwenksville, PA 19473<br><br>　　　　　Plaintiff,<br>　　v.<br><br>VILLANOVA UNIVERSITY<br>d/b/a The Inn at Villanova<br>601 County Line Rd.<br>Radnor, PA 19087<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Lauren Kassel (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.　　This action has been initiated by Plaintiff against Villanova University d/b/a The Inn at Villanova (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under the ADA. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a private university that owns and operates a hotel near its campus in Radnor, PA named the Inn at Villanova (where Plaintiff worked).

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired to work for Defendant on or about February 8, 2018 as a Corporate Sales Manager.

12. Plaintiff performed in the position of Corporate Sales Manager until she was unlawfully terminated on or about July 20, 2021.

13. During her employment with Defendant, Plaintiff was a very hard-working and dedicated employee who was not subjected to a history of progressive discipline.

14. Plaintiff was initially hired by Katharine Welsch (Former Director of Sales – hereinafter "Welsch").

15. Plaintiff worked under the supervision of Welsch until in or about November of 2019. Thereafter, Plaintiff began being supervised by Jared Long (hereinafter "Long"), Director of Defendant's Inn at Villanova.

16. While under the supervision of Welsch and Long, Plaintiff worked a flexible schedule, typically 7 a.m. – 3:00 p.m. or 8:00 a.m. – 4:00 p.m.

17. Furthermore, while under the supervision of Welsch and Long, Plaintiff would also stay late or come in earlier to meet with clients if needed and provided that she was given advance notice.

18. Plaintiff always performed her job effectively with the aforesaid flexible schedule and never had any issues with her performance or otherwise.

19. In or about March of 2020, the COVID-19 pandemic resulted in all employees of Defendant being sent home to work remotely, including Plaintiff.

20. Plaintiff worked remotely for a period of almost 1.5 years before being told by Defendant's management that employees were going to be required to return to work in person.

21. While working from home during the pandemic (as discussed *supra*), Plaintiff suffered two strokes, which Long was apprised of.

22. Plaintiff also suffers from Pseudotumor Cerebri, which, when exacerbated, can cause extreme headaches and negatively impact her vision (among other debilitating symptoms).

23. Both of Plaintiff's aforesaid health heath conditions can be triggered by stress and (at times) limit her ability to engage in daily life activities, including but not limited to seeing, focusing, and working.

24. Despite Plaintiff's aforesaid disabilities and limitations, she was able to perform the duties of her job well with Defendant; however, she did request reasonable accommodations in order to perform her job effectively – discussed further *supra*.

25. When Defendant began to outline the conditions for employees returning to work in or about the Spring of 2021, it was stated that employees would be required to work a 9:00 a.m. – 5:00 p.m. schedule.

26. Plaintiff requested from Defendant's management, particularly Long, the ability to keep her aforesaid flexible schedule (that she had before the pandemic – discussed *supra*) and/or to continue to work from home (except for to meet with clients) primarily due to her aforesaid disabilities.

27. Without requesting any additional medical information or even attempting to engage in the interactive process with Plaintiff, Defendant informed Plaintiff that neither of her aforesaid requests would be accommodated.

28. Plaintiff stated to Long that if she could not be accommodated, she would likely have to start looking elsewhere for employment (because of her disabilities).

29. In or about June of 2021, a new Director of Sales, Kiara Greenidge (hereinafter "Greenidge") was hired and became Plaintiff's manager as of June 21, 2021.

30. Plaintiff had several meetings with Greenidge during her first few weeks of employment.

31. In or about mid-July (either July 13th or 14th), Plaintiff discussed with Greenidge all of her aforesaid disabilities and limitations and informed her that she would like to continue working remotely (but would still be available to meet with clients in person) and/or have the flexible schedule she worked prior to the pandemic, primarily because of her disabilities.

32. Greenidge seemed shocked by the extent of Plaintiff health conditions and stated "Wow. Does Jared know all of this?" Plaintiff responded that Long was well aware of her disabilities but that he had refused to provide any flexible options to accommodate her.

33. Plaintiff also inform Greenidge during the aforesaid meeting (on July 13th or 14th) that because of Defendant's failure to provide accommodations and be flexible with her schedule and/or work from home requests, she was being forced to look for employment elsewhere.

34. Plaintiff and Greenidge's conversation (on July 13th or 14th) ended with Greenidge stating that she would take Plaintiff's aforesaid concerns regarding her disabilities and Defendant's refusal to accommodate her to Long and see if they could provide any options to her.

35. While Plaintiff was prepared to obtain any doctor's note requested of her or provide whatever supporting information would be needed for Defendant to engage in the interactive process under the ADA, Defendant did not ask for any further information and presented Plaintiff with no reasonable accommodation options.

36. Instead, on or about July 20, 2021, Plaintiff was asked by Greenidge to attend a meeting for what she [Plaintiff] thought would be a follow-up to discuss her disabilities and reasonable accommodation options that she spoke to Long about in June and Greenidge about in July (as discussed *supra*).

37. However, to Plaintiff's surprise, there was no discussion about her disabilities or reasonable accommodation requests during the aforesaid July 20, 2021 meeting. Instead, Plaintiff was abruptly terminated from her employment with Defendant.

38. Plaintiff was provided with a termination document that was filled with false statements which made it appear that Plaintiff specifically said she did not wish to work for Defendant for reasons unrelated to Defendant's refusal to accommodate her disabilities.

39. Plaintiff believes and therefore avers that Defendant failed to engage in the interactive process and accommodate Plaintiff's disabilities and then ultimately terminated her for discriminatory and retaliatory reasons under the ADA.

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff believes and therefore avers that Defendant refused to engage in the interactive process with Plaintiff and accommodate her disability.

42. Plaintiff complained to Greenidge that Long had failed to engage in the interactive process and refused to accommodate her disability approximately one week before her ultimate termination.

43. Plaintiff's aforesaid concerns were not properly investigated or resolved and instead, Plaintiff was abruptly terminated from her employment with Defendant on or about July 20, 2021.

44. Plaintiff believes and therefore avers that her (1) known disabilities; (2) perceived disabilities; and/or (3) her record of impairment were motivating and/or determinative factors in the decision to terminate her employment.

45. Plaintiff also claims that Defendant terminated her employment because she engaged in protected activity under the ADA, including requesting reasonable medical accommodations and complaining of violation under the ADA.

46. Defendant's unlawful discrimination and retaliation constitutes violations of the ADAAA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.	Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.	Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.	Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.	Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.	Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.	Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

 Respectfully submitted,

 **KARPF, KARPF & CERUTTI, P.C.**

By: _____
 Ari R. Karpf, Esq.
 3331 Street Road
 Two Greenwood Square
 Building 2, Ste. 128
 Bensalem, PA 19020
 (215) 639-0801

Dated: December 19, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Lauren Kassel : CIVIL ACTION
v. :
: NO.
Villanova University d/b/a The Inn at Villanova :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| 12/19/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2173 Doe Circle, Schwenksville, PA 19473

Address of Defendant: 601 County Line Road, Radnor, PA 19087

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/19/2022    *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538
*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 12/19/2022    *Attorney-at-Law / Pro Se Plaintiff*    ARK2484 / 91538
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KASSEL, LAUREN

**DEFENDANTS**
VILLANOVA UNIVERSITY D/B/A THE INN AT VILLANOVA

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

Click here for: Nature of Suit Code Descriptions.

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/19/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print   Save As...   Reset