IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREN KASSEL, | : <br> : <br> : Civ. Action No. 2:22-cv-05044-NIQA <br> : <br> Plaintiff, : <br> v. : <br> : <br> VILLANOVA UNIVERSITY : <br> : <br> Defendant. : <br> : <br> : |

**ANSWER OF DEFENDANT VILLANOVA UNIVERSITY TO THE COMPLAINT OF PLAINTIFF LAUREN KASSEL**

Defendant Villanova University ("Defendant"), by and through its undersigned counsel, Jackson Lewis P.C., hereby answers the Complaint filed by Plaintiff Lauren Kassel ("Plaintiff"), denying each and every averment except as to those expressly admitted below.

**INTRODUCTION**

1. Defendant admits only that Plaintiff purports to assert claims under the Americans with Disabilities Act, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Defendant denies the remaining averments in Paragraph 1 and specifically denies that Plaintiff is entitled to damages under the statute, laws, or theories cited in Paragraph 1. By way of further answer, Defendant specifically denies that it violated Plaintiff's rights in any manner whatsoever, that it violated any law or statute, or that Plaintiff was discriminated against because of her alleged disability.

**JURISDICTION AND VENUE**

2. Defendant admits only that Plaintiff purports to invoke this Court's subject matter, supplemental, and ancillary jurisdiction over Plaintiff's federal and state law claims. The

remaining averments in Paragraph 2 contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

3. Defendant admits only that Plaintiff purports to invoke this Court's personal jurisdiction over Defendant. The remaining averments in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

4. The averments in Paragraph 4 contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

5. The averments in Paragraph 5 contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

## PARTIES

6. Defendant incorporates by reference its responses to Paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Defendant admits that Plaintiff is an adult individual. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 7 and, on that basis, the averments are denied.

8. Admitted.

9. Defendant is without knowledge or information sufficient to respond to the averment "at all times relevant herein," and, on that basis, the averment is denied. The remaining averments in Paragraph 9 contain conclusions of law to which no response is required. To the extent a response is deemed required, the averments are denied.

## FACTUAL BACKGROUND

10. Defendant incorporates by reference its responses to Paragraphs 1 through 9 of the Complaint as though set forth fully herein.

11. Admitted.

12. Defendant admits that Plaintiff was employed in the position of Corporate Sales Manager until her termination on July 20, 2021. The remaining averments in Paragraph 12 are denied.

13. Denied.

14. Defendant admits that Katherine Welsh formerly held the position of Director of Sales and Catering. The remaining averments in Paragraph 14 are denied.

15. Denied. By way of further response, Plaintiff reported to Katharine Welsch until January 30, 2020 and, thereafter, reported to Jared Long.

16. Defendant admits only that Plaintiff requested flexible work hours from her former supervisor, Kathy Welsch, and that Plaintiff was allowed to work flexible hours at that time. The remaining averments in Paragraph 16 are denied. By way of further response, the Inn at Villanova closed to the public temporarily in or around March 2020 due to the COVID-19 pandemic and certain employees were permitted to work remotely during that time.

17. Denied.

18. Denied.

19. Defendant admits that in or around March 2020 certain employees, including Plaintiff, began working remotely due to the COVID-19 pandemic. The remaining averments in Paragraph 19 are denied.

20. Defendant admits only that Plaintiff and other employees worked remotely during the COVID-19 pandemic and that it announced in spring 2021 that all such employees, including Plaintiff, were expected to return to work in-person in August 2021. The remaining averments in Paragraph 20 are denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 and, on that basis, the averments are denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 22 and, on that basis, the averments are denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 and, on that basis, the averments are denied.

24. Denied.

25. Defendant admits that employees were reminded of the core business hours of 9 am to 5 pm. The remaining averments in Paragraph 25 are denied.

26. Denied. By way of further answer, Plaintiff advised her former supervisor, Jared Long, that she was not able to work normal business hours due to childcare issues.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted. By way of further response, Greenidge held meetings with the entire sales team including Plaintiff, in addition to meeting with Plaintiff individually, between June 24, 2021 and July 20, 2021.

31. Defendant admits only that Greenidge met with Plaintiff on July 13, 2021, that Plaintiff stated she had been ill during the pandemic but that it would not affect her ability to do her job, and that Plaintiff requested to work a flexible schedule due to childcare issues. The remaining averments in Paragraph 31 are denied.

32. Defendant admits that Greenidge asked if Plaintiff had spoken to Jared Long about her requests and that Plaintiff responded yes. The remaining averments in Paragraph 32 are denied.

33. Defendant admits that Plaintiff told Greenidge that she was looking for a new job. The remaining averments in Paragraph 33 are denied.

34. Defendant admits that Greenidge told Plaintiff that she would talk to Jared Long about Plaintiff's request to work a flexible schedule. The remaining averments in Paragraph 34 are denied.

35. Defendant is without knowledge or information sufficient to respond to the averment regarding what "Plaintiff was prepared to obtain" or "provide" and, on that basis, the averment is denied. The remaining averments in Paragraph 35 are denied. By way of further response, Plaintiff did not request a reasonable accommodation, did not advise that she had a disability, and did not give Defendant reason to believe that she had a disability.

36. Defendant admits that Plaintiff met with Greenidge on July 20, 2021. Defendant is without knowledge or information sufficient to respond to the averment regarding what Plaintiff "thought" regarding the purpose of the meeting and, on that basis, the remaining averments in Paragraph 36 are denied.

37. Defendant admits only that Plaintiff was terminated on July 20, 2021. The remaining averments in Paragraph 37 are denied.

38. Defendant admits only that Plaintiff was provided a Villanova University Disciplinary Action Report on July 20, 2021, a written document that speaks for itself. Any recitation or characterization inconsistent with the text therewith is denied. The remaining allegations in Paragraph 38 are denied.

39. Defendant is without knowledge or information sufficient to respond to the averment regarding what "Plaintiff believes" and, on that basis, the averment is denied. Defendant specifically denies that it terminated Plaintiff in violation of the ADA or for any other unlawful reason.

## COUNT I

### Violations of the Americans with Disabilities Act, as Amended ("ADAAA") ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)

40. Defendant incorporates by reference its responses to Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. Defendant is without knowledge or information sufficient to respond to the averment regarding what "Plaintiff believes" and, on that basis, the averment is denied. The remaining averments in Paragraph 41 are denied.

42. Denied.

43. Denied.

44. Defendant is without knowledge or information sufficient to respond to the averment regarding what "Plaintiff believes" and, on that basis, the averment is denied. The remaining averments in Paragraph 44 are denied.

45. Defendant admits only that Plaintiff purports to assert claims under the ADA. The remaining averments in Paragraph 45 are denied. By way of further answer, Defendant denies that it terminated Plaintiff in violation of the ADA, that it violated any law or statute, or that Plaintiff was discriminated against because of her alleged disabilities.

46. Denied.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff and that Defendant be awarded its costs and disbursements in this action, including reasonable attorneys' fees and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant reserves the right to amend

this Answer and assert additional affirmative defenses based upon information obtained during pretrial discovery in this action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and for legitimate and nondiscriminatory reasons.

## THIRD AFFIRMATIVE DEFENSE

Defendant's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the wrongful acts alleged in the Complaint are true, they are attributable to individuals acting outside the scope of their employment with Defendant.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has made averments in the Complaint or attempts to assert claims which relate to alleged acts of alleged harassment, discrimination, or retaliation not encompassed within a charge filed with and investigated by the Equal Employment Opportunity Commission ("EEOC") or any appropriate state or local agency, these claims and/or events are not properly before the Court, jurisdictionally or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Defendant did not violate any duty to, or right of, Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover some or all of the damages alleged. Plaintiff's claims for relief are limited by the statutory limitations on damages. Plaintiff's claims for punitive damages are unconstitutional and inconsistent with the law. Furthermore, any claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny Plaintiff her rights, and are not wanton or willful actions by Defendant.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by her own acts, omissions, or conduct. In addition, if any damages have resulted for which Defendant is held liable, Plaintiff failed, in whole or in part, to mitigate her damages.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to engage in the interactive process.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail, in whole or in part, because Defendant did not restrain, or deny Plaintiff's rights under the ADA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because all actions of Defendant were proper, privileged, justified, and undertaken in good faith.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff and that Defendant be awarded its costs and disbursements in this action, including reasonable attorneys' fees and such other relief as the Court deems just and proper.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Renee N. Smith*
Renee N. Smith (PA 65866)
Daniel L. Blanchard (PA 311479)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
renee.smith@jacksonlewis.com
daniel.blanchard@jacksonlewis.com
*Attorneys for Defendant*

Date: February 21, 2023

## **CERTIFICATE OF SERVICE**

I, Renee N. Smith, hereby certify that on the 21st day of February 2023, a true and correct copy of the foregoing Answer of Defendant to the Complaint of Plaintiff Lauren Kassel has been filed electronically and was served via the Court's ECF System upon the following counsel of record:

Ari Karpf, Esquire
Karpf, Karpf & Cerutti, P.C.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
*Attorneys for Plaintiff*

**JACKSON LEWIS P.C.**

*/s/Renee N. Smith*
Renee N. Smith, Esquire

4864-8726-7153, v. 1