# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAUREN KASSEL** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 22-5044** |
| **v.** | : | |
| | : | |
| **VILLANOVA UNIVERSITY, d/b/a** | : | |
| **The Inn at Villanova,** | : | |
| *Defendant* | | |

## ORDER

**AND NOW**, this 30th day of April 2025, upon consideration of Defendant's *motion for summary judgment*, (ECF 20), Plaintiff's response in opposition, (ECF 21), and Defendant's reply, (ECF 25), it is hereby **ORDERED** that Defendant's motion is **DENIED**.[1]

---

[1]    In this action, Plaintiff Lauren Kassel ("Plaintiff") asserts claims of employment discrimination based on a disability in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), as amended, 43 Pa. Cons. Stat. § 951, *et seq.*, against her former employer, Defendant Villanova University, d/b/a The Inn at Villanova ("Defendant"). Specifically, Plaintiff contends that Defendant unlawfully terminated her employment as a Corporate Sales Manager because of her disability and in retaliation for her request for a reasonable accommodation. Plaintiff also contends that Defendant failed to provide her a reasonable accommodation for her disability. Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56.

**Standard of Review**

Rule 56 provides that a court shall grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Eisai, Inc. v. Sanofi Aventis United States, LLC*, 821 F.3d 394, 402 (3d Cir. 2016). When considering a motion for summary judgment, a court should view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the plaintiff's favor. *Montgomery Cnty. ex rel. Becker v. MERSCORP, Inc.*, 16 F. Supp. 3d 535, 537 (E.D. Pa. 2014). The movant bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . [,] the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . [,] there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23); *see also In re Nat'l Pool Constr., Inc.*, 598 F. App'x 841, 845 (3d Cir. 2015).

"After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials' that show a genuine issue of material fact or by 'showing that the materials cited do not establish the absence or presence of a genuine dispute.'" *Davis v. City of Phila.*, 2015 WL 4404871, at *2 (E.D. Pa. July 20, 2015) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

### McDonnell Douglas Burden-Shifting Framework

At the summary judgment stage, employment discrimination claims under the ADA and the PHRA are analyzed under the burden-shifting framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tierney v. Geisinger Sys. Serv.*, 2021 WL 3137950, at *1 (3d Cir. July 26, 2021) (holding that the *McDonnell Douglas* burden-shifting framework applied to ADA disparate treatment claims). Under this framework, Plaintiff must first establish a *prima facie* case of discrimination by presenting evidence sufficient to meet each of the *prima facie* elements of her ADA/PHRA claims. *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006). The burden then shifts to Defendant to provide a legitimate, nondiscriminatory business reason for its decision to terminate Plaintiff's employment. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). Once Defendant establishes a legitimate, nondiscriminatory business reason for its action, the burden shifts back to Plaintiff to show that the reason proffered by Defendant was pretextual. *Id.*

Here, Defendant moves for summary judgment on each of Plaintiff's claims arguing, *inter alia*, that Plaintiff has failed to meet her summary judgment burden with respect to the *prima facie* elements of her claims and, further, because Plaintiff has not met her burden of showing that Defendant's proffered non-discriminatory reasons for its termination decision were mere pretext for discrimination. For the reasons discussed below, this Court disagrees with Defendant and finds that Plaintiff has presented evidence sufficient to create genuine disputes of material fact as to each of these issues.

### Wrongful Termination Claims

Plaintiff asserts that Defendant wrongfully terminated her employment because of her disability in violation of both the ADA and PHRA. In order for a plaintiff to establish a *prima facie* case of unlawful termination under the ADA/PHRA, the plaintiff must show that plaintiff: "(1) is a disabled person within the meaning of the ADA; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998). Though assuming for purposes of its underlying motion that Plaintiff has a qualifying disability, Defendant argues that Plaintiff has failed to satisfy the other *prima facie* elements because: (1) she presented no evidence to show that Defendant was aware of her disability or her request for accommodation of that disability; (2) she was not qualified for the job; and (3) she presented no evidence to show that Defendant's termination of Plaintiff's employment was connected to her disability.

Having reviewed the evidence submitted by both parties, this Court finds that Plaintiff has proffered evidence sufficient to meet her summary judgment burden with respect to each of the *prima facie* elements challenged by Defendant. As to Defendant's knowledge of both Plaintiff's disability and request for accommodation, Plaintiff testified that on July 13, 2021, she informed her supervisor, Kiara Greenridge, about her pseudo tumor, her strokes and related symptoms, and requested a flexible work schedule to accommodate these health conditions. As to her qualifications to perform the job from which she was eventually terminated, Defendant hired Plaintiff in 2018 for this very position and Plaintiff continued in this job for over three years creates a genuine issue of material fact as to whether she was qualified for the position/job. As for the requisite causal connection, Plaintiff's proffered evidence shows that Ms. Greenridge terminated Plaintiff's employment seven days after her request for an accommodation and that she was replaced by persons outside of her protected class. At this stage of litigation, this evidence creates genuine issues of material fact with respect to each of the challenged *prima facie* elements. *See Nunn v. NHS Human Services, Inc.*, 110 F. Supp. 3d 554, 565 (E.D. Pa. 2015) (finding plaintiff met fourth *prima facie* element by showing that person hired was not a member of plaintiff's protected class); *Scott v. Sunoco Logistics Partners, LP*, 918 F. Supp. 2d 344, 353 (E.D. Pa. 2013) (same); *Johnson v. Community of Allegheny Cnty.*, 566 F. Supp. 2d 405, 433 (W.D. Pa. 2008) (same). Accordingly, Defendant's motion for summary judgment is denied with respect to Plaintiff's wrongful termination claims.

### Failure to Accommodate Claims

Plaintiff also asserts claims under the ADA and PHRA for failure to accommodate. To maintain a failure to accommodate claim, a plaintiff must present evidence sufficient to show that (1) she was disabled, and her employer knew it; (2) she requested an accommodation; (3) the employer did not make a good faith effort to accommodate; and (4) she could have been reasonably accommodated. *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 157 (3d Cir. 2017). In its challenge to this claim, Defendant argues only that Plaintiff failed to proffer evidence sufficient to show that Defendant was aware of Plaintiff's disability and request for accommodation. For the reasons set forth above, this Court disagrees. Specifically, Plaintiff testified that on July 13, 2021, she informed her supervisor, Ms. Greenridge, about her pseudo tumor, her strokes and related symptoms, and requested a flexible work schedule to accommodate these health conditions. This evidence creates a genuine issue of material fact as to whether Defendant was aware of both Plaintiff's disability and request for accommodation. Accordingly, Defendant's motion for summary judgment is denied with respect to Plaintiff's failure to accommodate claims.

### Retaliation Claims

Plaintiff also asserts that Defendant unlawfully terminated her employment in retaliation for her request for accommodation and/or complaints about Defendant's failure to provide an accommodation. To establish a *prima facie* case of retaliation, a plaintiff must show: (1) a protected employee activity; (2) an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). Defendant argues that Plaintiff's retaliation claim fails because she did not present any evidence showing that she engaged in protected activity or demonstrating the requisite causal link between her protected activity and her termination. This Court disagrees. Plaintiff testified that she requested an accommodation for her disability and that she complained to her supervisor about her former supervisor's rejection of her accommodation request. Both her request and complaint constitute protected activities. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003). As for the causal link, the "Third Circuit has inferred a causal link where only two days passed between the plaintiff's protected

**BY THE COURT:**


/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

activity and the adverse employment action . . . ." *Reinhart v. Mineral Techs.*, 2006 WL 4050695, at *11 (E.D. Pa. Nov. 27, 2006) (citing *Jalil v. Avdel Corp.,* 873 F.2d 701, 708 (3d Cir.1989)). Defendant's termination of Plaintiff's employment just days after her request for accommodation and complaint provides sufficient temporal proximity to meet the causal requirement. Accordingly, Defendant's motion for summary judgment is denied with respect to Plaintiff's retaliation claims.

**Pretext**

Lastly, Defendant argues that Plaintiff has failed to present evidence sufficient to meet her burden with respect to pretext. To meet this burden, Plaintiff must proffer evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013) (quoting *Fuentes*, 32 F.3d at 764). The Third Circuit has recognized that the pretext inquiry often overlaps with the casual link inquiry of plaintiff's *prima facie* case. *See Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 370 (3d Cir. 2008) (noting that "it is important to remember that the *prima facie* case and pretext inquiries often overlap."). Evidence that supports a causal link often supports a plaintiff's pretext argument. *Id.*; *see also Jalil*, 873 F.2d at 709 n.6 ("Although this fact is important in establishing plaintiff's prima *facie* case, there is nothing preventing it from also being used to rebut the defendant's proffered explanation."). In addition, courts in this Circuit have explained that temporal proximity alone is sufficient to establish pretext. *See Isley v. Aker Phila. Shipyard, Inc.*, 275 F. Supp. 3d 620, 632 n.12 (E.D. Pa. 2017) ("The Shipyard's argument that Isley's retaliation claim fails because 'mere temporal proximity . . . is wholly insufficient to establish pretext,' misstates the law. To the contrary, the Third Circuit has held that 'when temporal proximity . . . is unduly suggestive, this is sufficient standing alone to . . . defeat summary judgment."); *Proudfoot v. Arnold Logistics, LLC*, 629 F. App'x 303, 308 (3d Cir. 2015) ("Temporal proximity is a factor that can be used to establish the third element of a prima facie case of retaliation as well as to discredit an employer's justification at the third step of the *McDonnell Douglas* analysis . . . Thus, temporal proximity may be sufficient to show pretext in certain narrow circumstances based on the particular facts and stage of a case.") (cleaned up)); *Laborde v. Casino*, 2018 WL 3824368, at *3 (M.D. Pa. Aug. 10, 2018) (rejecting the defendant's argument that temporal proximity "is insufficient alone to demonstrate pretext").

Here, as noted above, Plaintiff has proffered evidence that she was terminated within days of her request for an accommodation for her disability and replaced by persons outside her protected class. In combination, this evidence is sufficient to create a genuine issue of material fact as to pretext. Accordingly, Defendant's motion for summary judgment is denied.